## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| GREG WIATT and JOYCE WIATT, husband and wife, by and on behalf of their minor children WESTON WIATT and EMILY WIATT, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 3:07-cv-8082 JWS |
| vs. | ) ) | ORDER AND OPINION |
| PRESCOTT UNIFIED SCHOOL DISTRICT, an Arizona school district, KEVIN J. KAPP, Superintendent of Prescott Unified School District, JOHN DOES I-V, JANE DOES I-V, and BLACK AND WHITE CORPORATIONS I-V, | ) ) ) ) ) ) ) ) | [Re: Motion at Docket 6] |
| Defendants. | ) ) | |

### I.  MOTION PRESENTED

At docket 6, defendants Prescott Unified School District and Kevin J. Kapp

moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs responded at docket 8.  Defendants replied at docket 9.  Oral argument was

requested by plaintiffs, but would not assist the court.

## II.  BACKGROUND

Plaintiffs Greg and Joyce Wiatt ("the Wiatts") filed a complaint alleging that defendants Prescott Unified School District ("Prescott") and Prescott Superintendent Kevin J. Kapp ("Kapp") violated the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400, *et. seq.*).[1]  They also allege violations of 42 U.S.C. § 1983 based on violation of the IDEA, violation of Section 504 of the Rehabilitation Act of 1973, violations of due process and denial of property and liberty interests in a Free Public Education, and violation of the Americans with Disabilities Act ("ADA").[2]  The Wiatts allege state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.[3]

The concern underlying all of the claims is the assertion that Prescott did not provide an appropriate education for the Wiatts' two autistic children, Emily and Weston Wiatt.[4]  The Wiatts allege that Prescott had "no autism program or qualified teachers who knew anything about the teaching of autistic students."[5]  For some time, Emily Wiatt was sent to a program in Tempe, Arizona, at Prescott's expense in order to secure an "appropriate education."[6]  Weston Wiatt was home-schooled.[7]  According to

---

[1]Doc. 1 at 4.

[2]*Id.* at 4-6.

[3]*Id.* at 5-6.

[4]*Id.* at 2-3.

[5]Id. at 2.

[6]*Id.*

[7]*Id.*

the complaint, when the Tempe program became unsuitable and expensive for the

Wiatts, they moved temporarily to Missouri to seek an appropriate education.[8]

However, the Wiatts desired to return to the Prescott District for the second semester of

the 2006-2007 school year.[9]  The Wiatts complaint says their permanent domicile and

residence is in Prescott, Arizona.

The Wiatts allege that at a November 2006 meeting the Special Education

Director for Prescott, Nancy Martinez, said and "confirmed in writing" that Prescott was

"unable to meet [their] educational needs" and that the Wiatt children would "regress

two years socially and emotionally" if enrolled at Prescott.[10]  They also contend

Ms. Martinez said there were no autism programs at the middle and high school

levels.[11]  The motion to dismiss is based on failure to comply with the exhaustion

requirement of the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C.

§ 1415(l).[12]

### III.  DISCUSSION

Defendants argue this action should be dismissed under Federal Rule of Civil

Procedure 12(b)(1) (lack of subject matter jurisdiction).  Defendants contend that

plaintiffs have not properly exhausted their administrative remedies pursuant to the

---

[8]*Id.* at 3.

[9]*Id.*

[10]*Id.*

[11]*Id.*  In their response at docket 8 to the pending motion, the Wiatts say on page 2 that a copy of Ms. Martinez' letter is attached as Exhibit A to the complaint.  However, no exhibit was attached to the complaint filed with the court.

[12]Doc. 6.

IDEA.  The IDEA is "a comprehensive educational scheme that confers on students with disabilities a substantive right to public education."[13]  The IDEA provides financial assistance to states to help them meet their educational needs, and conditions funding on "effectuation of a policy that assures all children with disabilities the right to a free appropriate public education."[14]

A plaintiff may bring a civil action under the IDEA after exhaustion of IDEA administrative remedies, which include an impartial due process hearing.  Further, pursuant to 20 U.S.C. § 1415(l):

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

Thus, while parents and disabled students may seek judicial relief for education-related injuries under federal laws other than the IDEA, the IDEA still requires that "plaintiffs must exhaust administrative remedies before filing a civil lawsuit if they seek relief for injuries that could be redressed to any degree by the IDEA's administrative procedures."[15]

---

[13]*Kutasi v. Las Virgenes Unified School Dist.*, 494 F.3d 1162, 1166 (9th Cir. 2007).

[14]*Id*.

[15]*Id.*, 494 F.3d 1163.

The Ninth Circuit has noted that the IDEA's exhaustion requirement "recognizes the traditionally strong state and local interest in education, allows for the exercise of discretion and educational expertise by state agencies, affords full exploration of technical educational issues, furthers development of a factual record and promotes judicial efficiency by giving state and local agencies the first opportunity to correct shortcomings."[16]  However,"[p]laintiffs need not seek a due process hearing [exhaust administrative remedies] where resort to the administrative process would either be futile or inadequate."[17]  A party alleging the futility or inadequacy of IDEA administrative procedures bears the burden of proof.[18]

The Wiatts allege in the complaint that pursuing an administrative remedy would be "futile under the facts and the circumstances" because the Wiatts are "seeking compensation for past failures to educate and admitted violations of IDEA and other obligations under State and Federal law."[19]  Defendants argue that the Wiatts' complaint does not fall under any exhaustion exception and that dismissal is appropriate.

Responding to the pending motion, plaintiffs argue exhaustion is not needed for three reasons.  They contend that exhaustion would be futile because Prescott has admitted it cannot provide an appropriate education.  They assert that there "are no

---

[16]*Id.*

[17]*Id.* 494 F.3d 1168 (internal quotations omitted).

[18]*Id.*

[19]Doc. 1 at 3-4.

unresolved educational disputes pending."[20]   Finally, they point out that the relief sought is monetary damages which are not available under the IDEA's administrative process.

Contrary to the Wiatts' assertion, they have not shown that Prescott has admitted an inability to provide an appropriate education for the Wiatt children.  The Wiatts say the admission is contained in a letter from Prescott's Ms. Martinez attached as Exhibit A to their complaint.[21]   However there is no exhibit attached to the complaint, much less a declaration or affidavit authenticating any such letter.  The complaint also alleges that Ms. Martinez made the admission in a meeting with the Wiatts,[22] yet there is no affidavit or declaration to support that allegation.  Without reviewing the entire letter (assuming there is one), the court cannot conclude that the letter establishes the futility of administrative proceedings under the IDEA.  Even assuming there is a letter which generally indicates a lack of resources in Prescott itself, that would not establish the futility of requiring exhaustion.  For instance, if Prescott lacked the necessary resources, it might provide funding for attendance at a program such as the Tempe program which the Wiatts appear to have considered adequate for a time,[23] or arrange to obtain the necessary resources locally.  Furthermore, if the letter includes the passage described in plaintiffs' briefing,[24] it appears there is an autism classroom for elementary students

---

[20]Doc. 8 at 4.

[21]*Id.* at 2.

[22]Doc. 1 at 3.

[23]Doc. 8 at 2; doc. 1 at 2-3.

[24]Doc. 8  at 2-3.

although the program in the middle and high schools is still to be established.[25]  While the alleged text of the letter says the existing autism classroom would be inadequate for the Wiatt children, whatever the inadequacy might be it could be considered and perhaps remedied as part of the administrative process.

The argument made by plaintiffs is that there "are no unresolved educational disputes pending" is inaccurate.[26]  The core concern which gives rise to this lawsuit is the need to provide the Wiatt children an appropriate education.  The Wiatts' clearly believe that Prescott has thus far failed to provide that education, so the dispute remains unresolved.

Turning to the argument that the Wiatts seek relief that is not available in an IDEA proceeding, the court must follow the teaching of the Ninth Circuit.  That court explained in *Robb v. Bethel School Dist.*[27] that "a plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting a prayer for relief to money damages."[28]  "The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies."[29]  If so, then exhaustion of administrative remedies is required.[30]

---

[25]Doc. 8 at 2-3.

[26]*Id.* at 4.

[27]308 F. 3d 1047 (9th Cir. 2002).

[28]*Id.,* 308 F.3d 1049.

[29]*Id.,* 308 F.3d 1050.

[30]*Id.*

The Ninth Circuit has also explained that a request for money damages for "emotional distress, humiliation, embarrassment, and psychological injury," could be remedied by the administrative process, because under regulations created pursuant to the IDEA, both a child and parents could receive psychological counseling to remedy past wrongdoing by the school.[31]  Similarly here, plaintiffs' alleged injuries could be remedied in the administrative process contemplated by the IDEA.  Relief under the administrative process could result in creation of appropriate individualized education programs ("IEP"s) that could remedy educational damages to the Wiatt children.[32]  As in *Robb*, relief under the IDEA could include "related services" such as "counseling services" which could address emotional harm.[33]  Finally, exhaustion of administrative remedies would make use of the expertise of state and local agencies and appropriately give them "the first opportunity to correct shortcomings."[34]

Plaintiffs argue this case is like *Witte v. Clark County School District*.[35]  In *Witte*, the court found exhaustion was not necessary where a student with Tourrette's syndrome had allegedly been force fed oatmeal and otherwise physically and emotionally abused.[36]  The court found that exhaustion was not necessary because plaintiffs sought only monetary damages and "because all educational issues already

---

[31]*Id.*

[32]20 U.S.C. § 1401 (14).

[33]20 U.S.C. § 1401(26).

[34]*Kutasi*, 494 F.3d at 1167.

[35]197 F.3d 1271 (9th Cir. 1999).

[36]*Id.* at 1272-73.

have been resolved to the parties' mutual satisfaction through the IEP process."[37]  In contrast, it is plain here that educational issues remain to be resolved.

The court concludes that the federal law claims must be dismissed for failure to exhaust.  Assuming, without deciding that the related state law claims could proceed prior to exhaustion of the federal administrative remedy, the court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## V.  CONCLUSION

For the preceding reasons, the motion at docket 6 is **GRANTED**.  The Clerk will please enter judgment dismissing this case WITHOUT prejudice.

DATED this 6th day of May 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[37] *Id.* at 1275.